IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| SANDRA KURTZ, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | No. 3:06-1209 |
| | ) | Judge Nixon |
| SECRETARY OF THE ARMY, | ) | |
| | ) | |
| **Defendant.** | ) | |

### ORDER

Pending before the Court is Defendant Secretary of the Army's Motion to Dismiss and for Summary Judgment ("Defendant's Motion") (Doc. No. 59) and Memorandum in Support (Doc. No. 60). Plaintiff filed a Response in Opposition (Doc. No. 71), Memorandum in Opposition (Doc. No. 72) and supporting papers (Doc. Nos. 73-75), to which Defendant filed a Reply Brief (Doc. No. 78) and supporting papers (Doc. Nos. 77, 79-80). By Order dated June 26, 2009, this Court transferred Defendant's Motion to Magistrate Judge Brown for a Report and Recommendation ("Report") (Doc. No. 84). Magistrate Judge Brown heard oral argument on Defendant's Motion July 22, 2009. On August 5, 2009, Magistrate Judge Brown issued his Report recommending that Defendant's Motion be granted and the case dismissed with prejudice (Doc. No. 90). Plaintiff filed her Objection to the Report, along with additional attachments (Doc. Nos. 98-100), to which Defendant filed a Response (Doc. No. 104). For the following reasons, the Court hereby **ADOPTS** the Report in its entirety, **GRANTS** Defendant's Motion, and **DISMISSES** the case **with prejudice.**

-1-

## I. BACKGROUND

The Court hereby adopts the recitation of the facts as set forth in the Report.

## II. STANDARD OF REVIEW

### A. Plaintiff's Objections

The district court reviews *de novo* any portion of the magistrate's judge's disposition to which a proper objected has been filed. FED. R. CIV. P. 72(b)(3).

### B. Summary Judgment

Summary judgment is appropriate when there is "no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). Generally, summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Moses v. Providence Hosp. & Med. Ctr.*, 561 F.3d 573, 578 (6th Cir. 2009) (quoting FED. R. CIV. P. 56(c)). A genuine issue of material fact is "evidence such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party has the burden of showing the absence of a genuine issue of material fact as to at least one essential element of the non-moving party's case, *Celotex v. Catrett*, 477 U.S. 317, 322-23 (1986), and that the evidence "is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52. Once the moving party has satisfied its burden, the burden shifts to the non-moving party to set forth "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587

(1986). The Court must draw all reasonable inferences in favor of the non-moving party. *See id.*

### III. PLAINTIFF'S OBJECTIONS TO THE REPORT

Magistrate Judge Brown recommended granting Defendant's Motion for Summary Judgment because he found that Plaintiff's claims were untimely and Plaintiff failed to make out a *prima facie* case of retaliation. (Doc. 90, at 5-9). In response, Plaintiff submitted the following objections: (1) Plaintiff's claims are not untimely; and (2) Plaintiff did establish a *prima facie* case of retaliation.

#### A. The Timeliness of Plaintiff's Claims

In her Amended Complaint, Plaintiff asserts the following claims for retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq.*:

(i) a doctor would not allow Plaintiff to assist in surgeries;

(ii) Plaintiff's supervisor singled her out for using an emergency door;

(iii) Plaintiff's supervisor physically grabbed her;

(iv) Plaintiff's supervisor hid her personal possessions; and

(v) Plaintiff's supervisor hid a recycling bin over which Plaintiff had responsibility.

(Doc. No. 34, at 3). The magistrate judge's Report found that all of the acts of retaliation alleged in Plaintiff's Amended Complaint occurred more than forty-five (45) days before Plaintiff contacted an Equal Employment Opportunity ("EEO") Counselor about her claim of retaliation. (Doc. No. 90, at 5-6).

Prior to filing a discrimination complaint against a federal agency, a potential Title VII plaintiff must contact an EEO Counselor within forty-five days of the incident alleged to be discriminatory. 29 C.F.R. § 1614.105(a) ("Aggrieved persons who believe they have been

-3-

Case 3:06-cv-01209    Document 106    Filed 12/21/09    Page 3 of 14 PageID #: 935

discriminated against on the basis of race, color, religion, sex, national origin, age or handicap must consult a Counselor prior to filing a complaint . . . an aggrieved person must initiate contact with a Counselor within 45 days of the date of the matter alleged to have been discriminatory . . . "). Failure to do so may be grounds for dismissal in a district court. *See Dixon v. Gonzales*, 481 F.3d 324, 330 (6th Cir. 2007) (citing *Steiner v. Henderson*, 354 F.3d 432, 435 (6th Cir. 2003)).

Plaintiff admits that her first two claims—that a doctor would not allow her to assist in surgeries and that Plaintiff's supervisor singled her out for using an emergency door—did not occur within forty-five days of her contact with an EEO Counselor. (Doc. No. 98, at 5). Plaintiff initially contacted the EEO Counselor on May 9, 2005 (Doc. No. 100-7, at 1). The claimed events occurred in April 2004 and the Spring/Summer 2004, respectively. (Doc. No. 90, 2-3). Plaintiff's third claim—that her supervisor physically grabbed her—is part of the emergency door incident covered in claim two. (*See* "Defendant's Response to 'Plaintiff's Statement of Additional Undisputed Facts,'" Doc. No. 74, at ¶ 46-50). Therefore that claim also falls in the Spring/Summer 2004 time frame and also occurred a year before Plaintiff's contact with an EEO Counselor, well beyond the forty-five day time limit. *See* 29 C.F.R. § 1614.105(a)(1).

As for Plaintiff's fourth claim that her supervisor hid her personal possessions, the Magistrate found this incident to have occurred in May 2004. (Doc. No. 90, at 3). The Magistrate based this finding on Plaintiff's own chronology of events. (*See* "Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss and For Summary Judgment," Doc. No. 72, at 7). Plaintiff now claims that the event occurred on April 25, 2005, placing it within the forty-five day window. (*See* Doc. No. 98, at 4). Plaintiff bases this date on

the Notice of Acceptance of Discrimination Complaint issued by the EEO. (*See* Doc. No. 98, at 3-4; Doc. No. 98-1, at 2). However, this Notice is a reiteration of Plaintiff's own formal complaint of discrimination and is not an Agency conclusion or the product of EEO factfinding. In fact, in the Report of Investigation issued by the EEO, Plaintiff testified that this incident occurred in May 2004. (Doc. No. 99-7, at 1).[1] Plaintiff cannot create a genuine issue of material fact sufficient to survive summary judgment by now contradicting herself. *See Reid v. Sears, Roebuck & Co.*, 790 F.2d 453, 460 (6th Cir. 1986) ("A party may not create a factual issue by filing an affidavit, after a motion for summary judgment has been made, which contradicts her earlier deposition testimony."). However, even if the Court considers this incident to have occurred on April 25, 2005, Plaintiff has still failed to make out a *prima facie* case of discrimination, as discussed *infra*, and therefore cannot survive summary judgment.

Plaintiff further argues that the magistrate judge erred in that he did not accept Plaintiff's version of the facts as true. This is not exactly correct. Under the Rule 56 summary judgment standard, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." 477 U.S. at 249. The Court continued: "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249-50 (citations omitted). While all reasonable inferences must be drawn in favor of the nonmoving party, see 475 U.S. at 587, the Court need not accept all of Plaintiff's assertions as true, as it would under a

---

[1] To further complicate the issue, as an attachment to her Objection to the Report, Plaintiff includes an unsworn document titled "Meeting with Sandy Kurtz (Aggrieved)," dated May 20, 2005, that locates this purse incident in February 2005. (Doc. No. 98-4, at 2).

-5-

Rule 12(b)(6) Motion to Dismiss.[2]  *See* 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1357 (3d ed. 2004) (in reviewing a motion to dismiss, the Court construes the complaint in the light most favorable to the plaintiff, all allegations in the complaint are taken as true, and all reasonable inferences are drawn in favor of the pleader).  The magistrate based his finding of a May 2004 incident date on Plaintiff's own narrative of events, therefore the Court does not find error.

The magistrate found Plaintiff's fifth claim, the recycling bin incident, to have occurred on March 16, 2005.  (Doc. 90, at 3).  This places it just outside of the forty-five day window.  Plaintiff now claims that the recycling bin incident happened in April 2005.  (*See* Doc. No. 98, at 2).  The EEO Counselor's Report lists the date of this incident as April 9, 2005.  (Doc. No. 100-7).  For the purposes of the discussion of Plaintiff's *prima facie* case, the Court will draw all reasonable inferences in support of the nonmoving party and assume that the EEO Counselor's Report is the correct date for this claim.  Therefore, Plaintiff's fifth claim is not untimely.  However, even considering this claim, Plaintiff has failed to set forth a *prima facie* case of discrimination.

Plaintiff further argues that two additional incidents of alleged retaliation–being placed on probation on May 20, 2005 and being excluded from a commendation form on March 9, 2006–should be considered as timely claims.  (*See* Doc. No. 98, at 7-9).  Plaintiff first made contact with an EEO Counselor on May 9, 2005.  (Doc. No. 100-7, at 1).  Therefore at least the

---

[2] Because Defendant's Motion to Dismiss and for Summary Judgment included matters outside the pleadings, it is automatically converted to a Motion for Summary Judgment under Federal Rule of Civil Procedure 12(d).  *See* FED. R. CIV. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.").

Case 3:06-cv-01209 Document 106 Filed 12/21/09 Page 6 of 14 PageID #: 938

May 20, 2005 probationary incident may have fallen within the forty-five day period. However, Plaintiff did not include either of these claims in her Amended Complaint or her original Complaint. (*See* Doc. No. 34, at 3; Doc. No. 1). Plaintiff now contends that because the Department of the Army investigated these incidents in its internal handling of Plaintiff's complaint, Defendant has had fair notice of these claims, cannot now argue unfair surprise, and so these additional claims should be considered by the district court. (Doc. No. 98, at 7-9).

Plaintiff seems to misapprehend the pleading requirements. Although Defendant may have had notice of these claims in the previous Army investigation, the Rules of Procedure are designed to promote efficiency and fairness in federal civil litigation. FED. R. CIV. P. 1 ("These rules govern the procedure in all civil actions and proceedings in the United States district courts . . . . They should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding."). For example, the liberal pleading standards at the onset of litigation allow a plaintiff the fullest opportunity to flesh out her claims, while providing the defendant the fairest opportunity to defend itself. *Tucker v. Union of Needletrades, Indus. & Textile Employees*, 407 F.3d 784, 788 (6th Cir. 2005). Similarly, if the plaintiff decides to press a new claim as a result of such discovery, Rule 15(a) allows for liberal amendment of the complaint. *Id.* However, it is well-settled that new claims may not be brought in response to summary judgment. *See id.* (citing *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004)). This is so that a defendant may make use of the full complement of federal discovery, procedures designed, despite any agency fact finding at the level below, to narrow the issues for trial and provide notice of plaintiff's claims. *See id.* (citing *Guiffre v. Local Lodge No. 1124,* No. 90-3540, 1991 WL 135576, at *5 (6th Cir. July 24, 1991) (unpublished)

-7-

(refusing to hear claims raised for the first time in opposition to summary judgment because, "[h]aving received no notice of them, the defendants had no opportunity to investigate them when they conducted their own discovery")).

Because both these incidents of retaliation occurred well before Plaintiff filed her original Complaint on December 21, 2006 (*See* Doc. No. 1), the proper procedure would have been for plaintiff to add these claims to her Complaint or to her Amended Complaint. *See* 382 F.3d at 1315 ("At the summary judgment stage, the proper procedure for plaintiff to assert a new claim is to amend the complaint in accordance with Rule 15(a)."); *see also Shanahan v. City of Chicago*, 82 F.3d 776, 781 (7th Cir. 1996) ("A plaintiff may not amend his complaint through arguments in his brief in opposition to a motion for summary judgment."). Because she did not, it is not now proper to consider those incidents as new claims at the summary judgment stage. Therefore, the magistrate did not err by excluding those claims and we will not now consider them here.[3]

Plaintiff also argues that Defendant waived its ability to object to the timeliness of her claims because during its internal fact finding Defendant investigated all incidents alleged without addressing the untimeliness defense. (*See* Doc. No. 98, at 9-10). In support, Plaintiff cites the proposition that the waiver of a timeliness defense in a district court appeal of an

---

[3] The Plaintiff further argues that the March 9, 2006 commendation form incident is not subject to a timely filing requirement because it is a retaliation claim arising after the filing of a retaliation charge and is therefore excepted. (*See* Doc. No. 98, at 8). However, the cases cited by Plaintiff deal with the EEOC filing requirement as a prerequisite to filing a claim in district court, rather than a instance of retaliation dealt with on the administrative level but then not pled in the district court, as is the case here. *See e.g., Abeita v. TransAmerica Mailings, Inc.*, 159 F.3d 246, 254 (6th Cir. 1998) (for subject matter jurisdiction in the district court, retaliation claims are exempted from the requirement that the claimant explicitly file the claim with the EEOC); *Duggins v. Steak 'N' Shake, Inc.*, 195 F.3d 828, 833 (6th Cir. 1999) (plaintiff proceeded without a lawyer, court should broadly construe EEOC filing when considering federal legal claims available for review by district court); *Zanders v. O'Gara-Hess & Eisenhardt Armoring Co.*, 952 F.2d 404 (6th Cir. 1992) (EEOC filing requirement pre-requisite for presentation of incidents in district court).

agency decision may occur when the agency decides a complaint on the merits without addressing the timeliness defense. *See Horton v. Potter*, 369 F.3d 906, 911 (6th Cir. 2004). This is so. However, the Army did address the issue of timeliness in its final decision on Plaintiff's Complaint. (*See* "Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss and for Summary Judgment," Doc. No. 72-3, at 3) ("In any event, except for the [May 20, 2005 probationary incident], none of your client's dissatisfactions were raised with the EEO counselor within the required 45 days."). Therefore, there is no waiver here.

Plaintiff further argues for an equitable tolling because she lacked notice of the forty-five day requirement and was afraid to file a charge for fear of retaliation. (*See* Doc. No. 98, at 5-6). As a prerequisite to filing suit rather than a jurisdictional requirement, the forty-five day limitations period is subject to equitable tolling, waiver and estoppel. 481 F.3d at 330. The following factors are considered when determining whether to allow equitable tolling: (1) lack of notice of the filing requirement; (2) lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement. *Id.* at 331. Typically, equitable tolling is applied "only sparingly," see *id.*, and in "rare cases where the facts illustrate that the plaintiff's case is compelling." *Leeds v. Potter*, 249 Fed. Appx. 442, 447 (6th Cir. 2007).

The magistrate found that Plaintiff did have constructive notice of the filing requirement because of the posting of such requirements on posters throughout her workplace. (*See* Doc. 90, at 7). And the magistrate did not find Plaintiff's claim that she was too frightened of retaliation to contact a counselor within the time period compelling enough to exercise equitable tolling.

(*Id*.). Plaintiff argues that the magistrate erred in disregarding her affidavit statements regarding lack of notice and fear of retaliation. (*See* Doc. No. 98, at 5-6). Furthermore, she argues that there is no prejudice to Defendant because of the initial Agency fact finding, and Plaintiff's educational level and prior experience with the legal system make her ignorance of this legal requirement reasonable. (*Id.*, at 6).

Equitable tolling is an issue of law suitable for disposition on summary judgment. *Chavez v. Carranza*, 559 F.3d 486, 494 (6th Cir. 2009) ("the decision to invoke equitable tolling is a question of law" (citing *Rose v. Dole*, 945 F.2d 1331, 1334 (6th Cir. 1991))). On summary judgment the Court determines the existence of any genuine issue of material fact but need not credit every assertion by the Plaintiff, see discussion *supra*, therefore, the magistrate's determination as to Plaintiff's affidavit statements was not in error. Furthermore, the Court finds that Plaintiff accompanied Ms. Smith to the EEO Office and provided a statement of support for Ms. Smith on May 5, 2004. (*See* Doc. No. 90, at 2). In addition, on May 3, 2005, Plaintiff testified as a witness at the hearing on Ms. Smith's EEO complaint. (*See id*.). Plaintiff therefore had experience with the EEO process and direct contact with an EEO Officer before any of the alleged incidents of retaliation took place. Because of this, it is unreasonable that Plaintiff remained ignorant of the procedural requirements of the EEO Office, despite her lack of previous experience with the legal system, and therefore the magistrate did not err in refusing to apply equitable tolling of the filing requirement.

### B. Plaintiff's *Prima Facie* Case

Finally Plaintiff argues that the magistrate erred in concluding that Plaintiff failed to establish a *prima facie* case of discrimination. (*See* Doc. No. 98, at 15). Under Title VII, it is

-10-

unlawful for an employer "to discriminate against any of his employees . . . because [the employee] has opposed any practice made an unlawful employment practice by this subchapter, or because [the employee] has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3. To make out a *prima facie* case of retaliation, the plaintiff must demonstrate by a preponderance of the evidence that: (1) plaintiff engaged in activity protected by Title VII; (2) defendant knew of this exercise of protected rights; (3) defendant subsequently took an employment action adverse to plaintiff; and (4) a causal connection exists between the protected activity and the adverse employment action. *See Abbott v. Crown Motor Co., Inc.*, 348 F.3d 537, 542 (6th Cir. 2003). The magistrate determined that Plaintiff failed to establish the first, second, and fourth elements of retaliation. (*See* Doc. No. 90, at 8-9).

First off, the magistrate judge was correct in asserting that Plaintiff's April 2, 2004 meeting with Colonel Bloustine does not qualify as a protected activity under Title VII. (*See* Doc. No. 90, at 8). At that meeting Plaintiff complained about management's placing of a letter of reprimand in all employees' files regarding a gossiping incident. (*See id.*). Her communication with Colonel Bloustine was not in opposition to an employment practice made unlawful under Title VII, and therefore cannot qualify as the basis for a retaliation charge under the same. *See* 42 U.S.C. § 2000e-3. However, Plaintiff's provision of a statement in support of Ms. Smith's EEO charge on May 5, 2004 does qualify as a protected activity, as the magistrate discussed. (*See* Doc. No. 90, at 9).

The magistrate found, however, that although four of the five alleged acts of retaliation occurred after this qualifying activity, Plaintiff failed to show that Defendant knew of Plaintiff's

-11-

activity and that there is a causal connection between the protected activity and the adverse employment action. (*See* Doc. No. 90, at 9). Plaintiff objects, asserting Defendant's awareness of Plaintiff's protected activity and the causal connection between that activity and the adverse employment action. (*See* Doc. No. 98, at 12-14).

As a preliminary matter, for the *prima facie* case the Court will only analyze those claimed incidents that, when evidence is read in the light most favorable to Plaintiff,[4] may have occurred within the EEO filing time limit: (1) Plaintiff's supervisor hiding Plaintiff's personal possessions on April 25, 2005; and (2) Plaintiff's supervisor hiding a recycling bin under Plaintiff's care on April 9, 2005. Plaintiff served as a witness in Ms. Smith's EEO hearing on May 3, 2005, as did her supervisor, Richarda Johnson. (*See* Doc. No. 99-2, at 1). Plaintiff does not state when any of the witnesses would have received a copy of the Fact-Finding Conference Schedule with the names of the witnesses listed. (*See id.*). Rather she simply asserts that Supervisor Johnson became aware of her participation sometime before the conference and began retaliating against her. (*See* Doc. No. 98, at 12). Supervisor Johnson may have become aware of the Plaintiff's testimony a month before the Fact-Finding Conference, so that the incidents of April 9 and April 25 could have been committed with knowledge of that protected activity. However, Plaintiff does not assert even this, nor does she put forth any evidence, much less the preponderance needed to sustain this element. *See* 348 F.3d at 542. Therefore, the magistrate judge did not err; Plaintiff cannot prove knowledge of the protected activity on the part of Defendant.

---

[4] It should be noted that the new dates supplied by Plaintiff in summary judgment contradict dates offered in Plaintiff's previous filings, see discussion *supra*.

For the same reason, Plaintiff cannot prove causation. Plaintiff must show the link between the protected activity and the claimed adverse employment action. Without her supervisor's knowledge of her participation in the protected activity, Plaintiff cannot prove that such knowledge caused retaliation. Plaintiff may argue that she meant that her supervisor had knowledge of her "participation in the EEO process of Ms. Smith" broadly defined, see Doc. No. 98, at 12, and therefore that Supervisor Johnson knew of Plaintiff's statement in support of Ms. Smith at the EEO office on May 5, 2004 and that caused the retaliatory acts on April 9 and 25, 2005. (*See* Doc. No. 90, at 2). This might, if the jury found Plaintiff's new dates to be correct, create a genuine issue of fact; however, Plaintiff has not established an adverse employment action, and so her claim must fail.

Even if the April 9 and 25 incidents were found to be timely and caused by the supervisor's knowledge of Plaintiff's protected activity, these two incidents are not adverse employment actions sufficient to trigger Title VII protection. To make a claim for retaliation under Title VII, a plaintiff "must identify a materially adverse change in the terms and conditions of his employment." *Hollins v. Atlantic, Co., Inc.*, 188 F.3d 652, 662 (6th Cir. 1999). A materially adverse change in employment "must be more disruptive than a mere inconvenience or an alteration of job responsibilities." *Id.* Some examples of a materially adverse change in employment may include: "a termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices that might be unique to a particular situation." *Id.* (quoting *Crady v. Liberty Nat'l Bank & Trust Co. of Indiana*, 993 F.2d 132, 136 (7th Cir. 1993)). Supervisor Johnson's hiding Plaintiff's possessions or objects over which she had responsibility,

-13-

while childish, simply does not rise to the level of statutory retaliation. *See id.* This Court echoes the magistrate judge's hope that hospital management has investigated the context of these claims and taken appropriate action. However, for the reasons detailed herein, Plaintiff cannot sustain a *prima facie* case of retaliation.

## IV. CONCLUSION

For the foregoing reasons, the Court hereby **ADOPTS** the magistrate's Report in its entirety, **GRANTS** Defendant's Motion, and **DISMISSES** the case with prejudice. Each party shall bear its own costs and fees.

It is so ORDERED.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT